FILED
JUN 16 2000
LARRY W. PROPES, CLERK
CHARLESTON, SC

IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CIVIL ACTION NO. 9:99-3146-08 |
| Plaintiff, ) | |
| vs. ) | |
| ) | DECREE OF FORECLOSURE AND SALE |
| LILA MAE B. HOLEYDAY, WILLIE ) BADGER, GOLDOME CREDIT ) CORPORATION AND THE EXCHANGE ) BANK, ) | |
| Defendant(s). ) | |



This is an action by the United States of America for the foreclosure of a real estate Mortgage, and other relief, pertaining to property located in Hampton County, South Carolina, which Mortgage was executed by Henry Badger and Margaret Badger to the United States of America, acting through the Farmers Home Administration, n/k/a Rural Development, United States Department of Agriculture, an agency of the Plaintiff.

Upon reading the Affidavit of LaVerne H. Manning, Assistant United States Attorney, the Plaintiff's attorney of record, and after due consideration thereof and the record in the case, I hereby find and conclude as to the Plaintiff's First Cause of Action, as follows:

1. This action was commenced by the filing of a Summons and Complaint on September 20, 1999 and service was duly made on the Defendants pursuant to law and as shown by the Affidavits of Service and/or other documents on file herein. The Defendants are now in default, as appears from the affidavit of Plaintiff's

(14)

attorney, filed herein. I find that the allegations of the Complaint are true and correct; that the statements contained in the default affidavit are true and correct and are supported by the exhibits of record in the case. The Defendants, Lila Mae B. Holeyday and Willie Badger, as of March 24, 1999 are indebted to Plaintiff in the amount of $11,053.26, which amount includes principal, interest, as well as other advances; further, Plaintiff is entitled to daily interest accrual from the above stated date in the amount of $1.7186 for each day, and any advances thereafter paid for preservation of the mortgaged property, as provided under the terms of the Mortgage. Findings herein as to the amount of judgment are based on and are in reliance upon Plaintiff's Affidavit of Default and Amount Due with attachments, particularly Exhibit C, all on file herein. The Lis Pendens was filed in the office of the Clerk of Court/R.M.C. for Hampton County, South Carolina, on September 30, 1999 in accordance with §§ 15-11-10 and 15-11-20, Code of Laws of South Carolina (1976). No petition for intervention has been filed.

2. This Court has jurisdiction of the subject matter and of the parties to this case; and the Plaintiff is entitled to have its Mortgage foreclosed, the property sold, and the proceeds applied as set forth herein; said property is described as

> All that certain piece, parcel or tract of land, with improvements thereon, situate, lying and being located approximately 3 miles Southwest of Estill, in Hampton County, South Carolina, and being 1.0 acres as shown and designated on a plat of said property by Joe P. Miley, Reg. L.S. & C.E., dated October 13,

2

1972, and being bounded on the Northwest by a County Road and running thereon for a distance of 200 feet; Bounded on the Southeast by lands of Roosevelt Badger and Lila Mae Badger, and running thereon for a distance of 275 feet; Bounded on the Southwest by lands of C. P. Barnes, and running thereon for a distance of 125 feet; Bounded on the Northwest by lands of Badger and running thereon for a distance of 320 feet along a ditch.

Being the identical property conveyed to Henry Badger and Margaret Badger by deed of Rosevelt Badger and Lila Mae Badger dated May 22, 1973 and recorded May 30, 1973 in the office of the Clerk of Court for Hampton County, South Carolina in Deed Book D-63 at pages 477-478. Margaret Badger died on August 26, 1976 at which time title to the subject property became vested in Henry Badger by virtue of the survivorship deed. Henry Badger died on May 16, 1988. The subject property was conveyed to Lila Mae B. Holeyday and Willie Badger by Deed of Distribution in the Matter of the Estate of Henry Badger dated May 7, 1990 and recorded June 11, 1990 in said Clerk's Office in Book D-141 at pages 55-56.

3. As between the parties to this action, the Plaintiff's Mortgage constitutes a first lien upon the real estate hereinabove described. Defendants Goldome Credit Corporation and The Exchange Bank have valid liens upon the real estate hereinabove described junior to Plaintiff's Mortgage.

4. Plaintiff not having affirmatively sought a deficiency judgment, the bidding will not stay open for the customary thirty (30) days following the sale.

5. In light of the preceding findings and conclusions, I further find and conclude that Plaintiff is entitled to the relief sought in its Second Cause of Action.

3

NOW, THEREFORE, upon motion of the United States Attorney, it is

ORDERED, ADJUDGED AND DECREED

1. The Defendants, Lila Mae B. Holeyday and Willie Badger, as of March 24, 1999 are indebted to Plaintiff in the amount of $11,053.26, which amount includes principal, interest, as well as other advances; further, Plaintiff is entitled to daily interest accrual from the above stated date in the amount of $1.7186 for each day, and other charges accruing thereafter under the terms of the Mortgage. This loan is subject to interest credit recapture as is evidenced by a Subsidy Repayment Agreement.

2. Plaintiff shall have judgment of foreclosure of its Mortgage against the Defendants, and the Defendants and all persons claiming by, through, or under them are hereby forever barred from all right, title, interest and equity of redemption in and to the mortgaged premises hereinabove described, or to any part thereof.

3. The United States Marshal or a duly authorized Deputy, after having advertised for sale the mortgaged premises once a week for four weeks prior to sale as required by 28 U.S.C. § 2002, shall sell the mortgaged premises described in the Complaint subject to ad valorem taxes at public auction before the door of the Hampton County Courthouse at the usual hour of public sale on any convenient date set by the Marshal and stated in the published notice of sale.



4. In conducting the sale, the United States Marshal or a duly authorized Deputy shall require the highest bidder, other

than the Plaintiff, to make a cash deposit of five percent (5%) of the bid as earnest money and as evidence of good faith. (The balance of the bid shall be paid in cash, by certified check or cashier's check.) If the Plaintiff is the successful bidder at the sale, the amount due on its Mortgage may be used as the equivalent of cash. Should the person making the highest bid at the sale fail to comply with the terms of his bid by depositing the said five percent (5%) in cash, then the premises shall be resold at such bidder's risk on the same sales date, or some subsequent date, as the selling officer may find convenient and advantageous. Should the last and highest bidder fail to comply with the terms of his bid within ten (10) days of the final acceptance of his bid, the entire deposit shall be forfeited, and the selling officer shall readvertise and resell the property on the same terms and at the bidder's risk on a subsequent sales day.

5. Under 28 U.S.C. § 566, it is the duty of the United States Marshal to enforce the decree of the United States District Court and under § 564, the Marshal is authorized to exercise the same powers of the Sheriff in conducting the sale. It is in the interest of justice that the sale be conducted to yield the best price through free, fair, and competitive bidding. Any act that appears to prevent a free, fair, and open sale or to suppress the bidding or otherwise adversely affects the sale, will not be allowed. If such an act occurs, then the sale will be halted. Further, the individual or individuals who perform any act which appears to contribute to the sale being halted or otherwise

5

adversely affected, may be charged with contempt of court, to be sanctioned accordingly, including but not limited to paying for the costs and expenses of the scheduled sale.

6. Upon full compliance with the terms of sale, the United States Marshal shall convey title in fee simple to the purchaser, or his nominee; the purchaser shall be let into possession of the premises upon production of the United States Marshal's deed; and all persons holding adversely to the purchaser shall be ejected from the premises by the United States Marshal.

7. The proceeds of the sale shall be applied first to the costs and disbursements of this action and the expenses of the sale; second, to the payment and discharge of the amount herein found due the Plaintiff; and should any of the proceeds thereafter remain, the balance thereof shall upon further order of the Court, be distributed to the Defendants as their priorities may appear.

8. After the sale of the premises, and as soon as the sale by the United States Marshal is complete, and has been approved by the Court, the Mortgagors, or other persons in possession, shall within fifteen days of the date of approval by the Court, move from the premises, and give up the premises, without damage or vandalism. Upon failure of any Mortgagors, or persons in possession, to vacate the premises within fifteen days of the date of approval by the Court, the United States Marshal is authorized, empowered and directed to enter upon the premises, and forcibly eject them therefrom, unless prior to such date, the Mortgagors, or other persons in possession, obtain from the Court

an Order extending the time which said Mortgagors or other persons in possession shall have to vacate said premises. The United States Marshal (or deputy) is also authorized to remove from the premises any furniture or other possessions of the Mortgagors, or other persons in possession, and any interference with the activities of the Marshal will be upon pain of contempt of Court.

_____
UNITED STATES DISTRICT JUDGE

Charleston, South Carolina
June 14, 2000

ON MOTION OF:

J. RENE' JOSEY
United States Attorney

BY: _____
LAVERNE H. MANNING (ID #5746)
Assistant United States Attorney

#6